Good afternoon, your honors. May it please the court. Alan Yockelton on behalf of Vinyl Visions. I'm a student of sports history, so I'm not unmindful that here at Boston University of Miami, and I'm grateful that the court put this case on calendar to allow Vinyl Visions their own version of Hail Mary here at oral argument. That's an interesting opening, Arnie. Well, we were... I think the problem is you might be going up against deflation gates. Right? I mean, a little more current and possibly on point. As much as the last case was sort of a lesson for the students about contract law, this is one about civil procedure. No question, your honor. Rules of evidence. My prepared statement began with that this case presents several issues that the law students will find important. First and foremost of them is that careless lawyering in the court below will get you an express ticket to the court of appeal. And I make no bones about it, and we wouldn't be here but for the carelessness. But if you don't have competent evidence, if you don't have cognizable evidence, if you don't have a proper foundation for the evidence upon which you wish to rely, how can we do anything about it? Well, and I think that I have given the court two ways to answer that question. The first way is to agree with Vinyl Visions, agree with appellant that under Rule 56C that the court could clearly have cured or asked appellant to cure the defect because... But what you have to argue is that they had to, that the district court had to permit it. Well, no. I mean I could argue... Of course they could have. Nobody's disputing that they had the authority to do that if they thought it was appropriate, but they did not. Well, and I think that that raises the second lesson that law students need to learn, and that is sometimes the policy underlying the law is just as important as the letter of the law. And what is the policy... The policy underlying 56F, the sub-provision that requires that evidence in support or opposing a motion for summary judgment be cognizable under the federal rules of evidence. Well, I mean the purpose is obviously that counsel comply with the rules of evidence in submitting, but more importantly I think is that adherence to the rules of evidence is really designed to make sure that when you are nearing the end of this pretrial litigation that you don't come up and manufacture some evidence to try and slip in at the end to create a triable issue. It's also designed to require a foundation. Nope, no question. It's designed to demonstrate that the witness is percipient, that they have the ability to perceive, that they have the ability to recollect. And those are all things that if you're doing it in a summary judgment form you have to lay out in an affidavit. It's not there. I agree. Well, the information is there. What's not there in... The confidence. Well, what's not there in the Dr. Merza report are the magic words, this is of my own personal knowledge and I wouldn't be confident to testify at trial. No, what's not there is him swearing under oath. That's what's not there. You introduced an expert report that is unsigned, not sworn to. I mean, look, you seem like an eminently reasonable fellow. I'm certain you did not make it up. However, in the absence of sworn testimony by this expert, maybe that was a draft report that you wrote that he never actually even reviewed. I mean, I don't actually think that, so we're clear. I take no responsibility for being involved at the trial level, Your Honor. But even if you were, I'm not suggesting that that's what happened. But that's the reason that he has to swear under penalty of perjury and sign on the dotted line. And so here all we have is what purports to be a report by him, an unsigned report. And it's not counsel's statement. I understand both of the points, but again, are the rules that tight? I don't believe the rules are that tight. Technicality. I mean, are you putting this in the technicality boxes? I'm putting it in the technicality in the sense that if the court had discretion, as it does, and Cellutex says that at summary judgment we're looking at the face of the record and not everything that you're going to raise in summary judgment needs to be admissible at trial. And especially here with Dr. Wait, do you think the district court, I thought the argument may have been that the district court should have at least allowed you a do-over. Oh, absolutely. I mean, so now you seem to be arguing something different. No. Are you saying that the district court should have accepted the evidence even if it wasn't sworn? No. Or simply that once she realized this was problematic for you, she should have given you the opportunity to go back and fix it? Yes, the latter, Your Honor. I understand that that's an abuse. The history in this case for me, beyond the fact why you didn't do it right in the first instance, was why you didn't ask for reconsideration. I mean, you didn't even, you know, typically if you're going to ask for pity by the district court judge, you file a motion for reconsideration. And all I can say to that, Your Honor, is that the court did not afford oral argument on the summary judgment motion, so there was no understanding. And, yes, they could have come back with a motion for rehearing, and if I was controlling the litigation, I would. But let's move on. Obviously, it's a tough sell. I understand that standard of review is the third lesson law students need to understand when they're approaching the court of appeal. And, yes, any evidentiary issue is going to be decided by this court on an abuse of discretion standard. But, again, my argument is when you match that up with a policy of trial on the merits and you look at the context of. . . So you're making a rule one argument. Just speedy determination. If you would have it that way, Your Honor, yes. But let's move beyond that for a second, and let's move to the claim construction issue relative to the evidence that was properly in front of the court but was really not considered. And to me, what's noteworthy about my colleague's brief is not what he says but what he doesn't address in his brief, which is much like the prior case that we just heard this afternoon, the admission from Mr. Ohm himself that the product was functioning and designed to function in the very same way as vinyl visions function, which is that the workman can tear the vinyl trim, the window trim, without the need for specialized tools, which sped up the whole process. That evidence was in the record and was before the court, and although Judge Hatter mentions it in his decision, he really gives it no weight at all and doesn't even mention the evidence that was presented in the claims chart that had to do with the website that E. E. Pauli maintained, which also presented evidence. Did the court say that regardless of how it were to construe the claims, it would still reach the same conclusion? It did say that, but, Your Honor, your precedents say when you're talking about weighing of evidence, which is what this was in claims construction, how does the court avoid, after there was a presentation and a Markman hearing, how does the court avoid construing the claim? Well, the district court said also that you never asked, you never argued the lack of claim construction was prejudiced to your ability as a summary judge. That's not accurate, Your Honor, and we pointed out in the brief. I think I have the citation here in my notes to the joint appendix. I won't waste the court's time right now trying to ferret that out, but clearly there was that that was mentioned in the opposition that Vinyl Visions filed to the summary judgment was that they were really being hamstrung by the failure of the court to issue its claim construction ruling. Apart from the court's failure, your argument about the court's failure to issue claim construction before it ruled on this case, you mentioned the defendant's websites, and I was trying to rack my brain. I thought I remembered the district court says that those websites were also unauthenticated because they were simply included in an attorney declaration. So while you've got an unsigned report from the expert, you have unauthenticated websites. I mean, so it seems to me the only evidence that actually met the rules of evidence was the Ohm deposition, and what the district court found there was that the deposition of Mr. Ohm only admits or contains discussion of the purpose for adding grooves and didn't establish a prima facie case or go through it or admit to all the elements. So I guess I'm a little confused. What would you have me take away from Ohm? Putting aside your claim construction argument, are you telling me the district court was wrong to conclude that the screenshots of the website were unauthenticated? Are you saying he was wrong or she was wrong in her description of the Ohm testimony? I can't say the court is wrong that it was unauthenticated, but there was nothing that was contained in the claim chart that came from the website factually that was ever contested either in the court below or before this court. E. E. Paul is not contested that the facts that were set forth in that claim chart are anything but true. It's really striking to me that in a lot of language dealing with summary judgment, the high court has said this is kind of a truth-seeking function. We don't grant summary judgment unless in truth we feel there are no triable issues of fact. But it's also an adversarial function. Certainly it is, Your Honor, and if this court writes an opinion that puts full measure of the burden on appellant's trial counsel, then we'll live with that because that may at least give rise to a different remedy for my client, to be honest, and candid with the court. But absent that, I think if we're talking about truth, and this court does review de novo summary judgment decisions, I don't think this court can look at the four corners of the joint appendix, including Dr. Merce's report and all of the other evidence, no matter how shabbily it was attempted to be presented, and come away feeling that the truth of the matter is that there are no triable issues of fact. And that's what I think the takeaway is in this court, or in this case. You're into your rebuttal time. Why don't we save the remainder of this. Thank you, Your Honor. Thank you. Good afternoon. May it please the Court. Andrew Dolman on behalf of the appellees, Benjamin and Craig Omi. I think from my perspective, I think less is more at this point. I would like to point out that certainly it is appellee's view that they were not obligated to disprove any element of the purported evidence. Well, do you think that there was no obligation on you to contest the authenticity of any of the matters we've been talking about this morning? Absolutely, we were obligated, and we did contest the authenticity of virtually everything that was put before the Court. The only thing that we didn't contest from an authenticity standpoint was the portions of Craig Omi's testimony that was submitted. But on that point, it's important to note, and Judge Hatter alludes to it in his opinion, but what is very important to note is only a portion. So there are multiple citations to Craig Omi's deposition testimony. Very little of that testimony was actually of record. Very little of it was attached to Mr. Augustine's declaration. So of the total pages that are cited in the Hankin claim chart, only six pages were actually attached to Augustine's declaration. So there's multiple issues going on here. There's depo testimony that wasn't submitted, and then everything else that was excluded. What was wrong with the screenshots of the website? They produced a claim chart and included screenshots of the website matching up and showing how each of the elements were allegedly demonstratable on the website of the defendants. So what was wrong with that? Is it not your website? Is it your client's website, obviously? What's the argument there? The argument is simply from an evidentiary standpoint, it's a – if you're looking at a foundational argument, Mr. Hankin simply didn't authenticate. So it wasn't – Mr. Hankin, the attorney, he's the attorney. Correct. So all he would have needed to do would have been to say, On February 12th, I went to the website of the defendants at www.whatever, and I printed off these images, and these are true and correct as of that date. Right. And that would have been sufficient? Because didn't he basically do that? I mean, he proffered a declaration under penalty of perjury, which he signed, and he attached these websites, and he claimed these were the defendants' websites, right? That's correct. He did do that, and – Was the failure not saying which date he downloaded them? I mean, what – Sorry. I apologize. He also didn't say the exact time because a website can vary from moment to moment. Right, and so we really then – I'm sorry, appellees at that point would be arguing, Okay, so let's look at what are these pages, and when were they taken, and where did they come from? So, again, that would be shifting the burden to the appellees at that point to try and dispute, you know, what is the foundational basis for this purported evidence? So could we have gone through and made those arguments and said, No, this isn't a true and correct copy of this page? Yes, perhaps we could have done that, but we chose to go the evidentiary route and say there was no foundation for any of this purported evidence. The only thing he lacked was putting – because I don't think you have to put the time in. I haven't seen regional circuit opinions that say you have to say what time it is. So the only thing he lacked in the declaration was putting what day he printed them off from the website. And that he downloaded them and that they were true and correct. Because overall we know who knows where he got them. He got them from someone else, and he doesn't actually have first-hand knowledge that they came from. Is that the potential argument? Correct, right, and so I think – So he didn't testify that he downloaded them. Correct. Okay, he just attached them to the claim chart. That's correct. Because I don't remember actually seeing this in the appendix. So forgive me, I may be wrong about what's in the appendix, but I didn't remember it, what it said precisely. No, I think you're correct, Judge Moore. And I guess even if the court were to consider sort of a do-over as to certain portions of the Hanken Declaration or the Augustine Declaration, it's so important to note that there are glaring deficiencies in the claim chart. There are multiple elements that have no citation to any evidence. So even if some of the evidence were somehow to come in, there would still be elements that – there was absolutely no citation. It was purely – it was simply – Inferred from the argument. Exactly. Mr. Hanken saying we – my client infringes. And so there – of course it's our view that none of the evidence should come in except for those six pages of Mr. Omi's testimony that were properly attached and authenticated. But even if some of the evidence – And you don't dispute that the district court could have allowed them to attempt to cure, right? The district court under Rule 56 had the ability to allow them to cure when it became apparent through your motion that the evidence they presented wasn't, in fact, evidence that was able to be submitted to the court. You're absolutely correct. The court could have done that. It's purely discretionary. And the Ninth Circuit case, Carmen v. San Francisco Board of Education, makes very clear what a district court can and can't and should and shouldn't do. And it's discretionary. And, of course, it's abuse of discretion. And the court is not obligated to pour through the record. It's not obligated to do the attorney's work for them. So, yes, Judge Hatter could have done that. We're glad he didn't do that. And, certainly, he was not obligated to do that. Thank you. Well, perhaps the truest thing said today is that appellees are glad Judge Hatter didn't take the opportunity to exercise his discretion in that manner. Because, again, I don't think there is any question but that had the Dr. Mirza report had those magic words signed under penalty of perjury and competent to testify at trial, that there was more than sufficient evidence in that report to survive summary judgment. And when we talk about abuse of discretion, we have to talk about it in terms of some standard. And I understand we didn't ask the judge to do this. But when the judge has so much evidence, incompetent or not, in front of him, that suggests that we have a real controversy. Well, incompetent because of form, not because of substance. And that's really what this case is about, is form versus substance. Because there's no... So you're saying the rules regarding competence of testimony are simply form and not substance. And, for example, if a witness says, well, yeah, I was dead drunk. But despite that, here's my testimony. That's just a question of foundation. It goes to weight, Your Honor. If we're at trial, it goes to weight, not to admissibility. Well, this is a unique situation in our jurisprudence because we, the Federal Circuit, when sitting on a question like what you're raising, are meant to apply Ninth Circuit law, correct? On evidentiary matters, yes, Your Honor. And so what about the Ninth Circuit case of Orr versus Bank of America? I'll be honest. I was pretty surprised when the Ninth Circuit ruled in this case the way it did. Are you familiar with the case? I am not, Your Honor. I have to be honest with you. Well, the district court judge in a similar situation on summary judgment ruled against the party saying you didn't present any evidence. They had submitted a deposition transcript. They had forgotten to include the first page. The first page is the one that indicates the reporter, the date of the deposition. They had all the other pages, but they forgot to submit the first page. And nobody contested that that was the actual transcript, but the court ruled it was unauthenticated and so excluded it and said, therefore, you have no evidence on summary judgment, and the Ninth Circuit said it wasn't an abuse of discretion to do that. So it doesn't seem like I get to choose to do what I want here. I have to put myself standing in the shoes of the Ninth Circuit, and they're not too friendly about these things. Well, and without knowing all of the facts of the other case and what other evidence may or may not have been lacking in the Orr case, I would say that that is an unduly harsh result for a technical violation. And, again, I predominantly do criminal appeals, and I'm always arguing technicalities because that's what we live on. But this is a broader – You don't live on your client's innocence? Your Honor, I've only been that fortunate once in 30 years to have that argument. Technicality making you innocent. Well, yes, or technicality excluding the evidence that presumes you're still innocent. But regardless, I think in this broader context with the policy underlying trial on the merits, it's an unduly harsh result in this case to have somebody's well-fought and well-earned patent infringed upon  because of the failings of counsel and the failings of form. Just curious, are there other – has your client asserted its patent against any other person? Not to my knowledge, Your Honor. Thank you.  Thank you.